FILED
May 21, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By:    RR
Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>(1) ALBERT JOSEPH DELGADO II<br>(2) HECTOR FUENTEZ JR.<br><br>Defendants. | Case No: SA:25-CR-00277-JKP<br><br>**INDICTMENT**<br><br>**COUNT 1**: 18 U.S.C. § 933<br>Conspiracy to Traffic Firearms<br><br>**COUNT 2**: 18 U.S.C. § 922(o)<br>Possession of a Machinegun |

### COUNT ONE
### [18 U.S.C. § 933(a)(2) & (3)]

On or about April 1, 2025, to on or about May 1, 2025, in the Western District of Texas, the defendants,

(1) ALBERT JOSEPH DELGADO II,
(2) HECTOR FUENTEZ JR,

and others, did conspire to transfer at least one firearm, from another person in or otherwise affecting interstate or foreign commerce, knowing or having reasonable cause to believe that such receipt would constitute a felony, to wit: possession of a machinegun, possession of a stolen firearm, and smuggling goods from the United States, in violation of Title 18, United States Code, Section 933(a)(2) & (3).

1

## COUNT TWO
**[18 U.S.C. § 922(o)]**

On or about the 8th day of April, 2025, in the Western District of Texas, the Defendant,

**(1) ALBERT JOSEPH DELGADO II,**

did knowingly possess a did knowingly possess a machinegun, namely, a machinegun conversion device, commonly referred to as a "glock switch", "switch" or "auto sear", which is designed and intended solely and exclusively for use in converting a semi-automatic weapon into a weapon that can be fired as a fully automatic weapon by a single function of the trigger, as defined by Title 26, USC Section 5845(b), all in violation of 18 USC 922(o) and 924(a)(2).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Firearm Violation and Forfeiture Statutes

**[Title 18 U.S.C. § 933(a)(2), and (3), subject to forfeiture pursuant to Title 18 U.S.C. § 934(a)(1)(A) and (B)]**

As a result of the criminal violation set forth in Count One, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of the certain property upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 934(a)(1)(A) and (B), which state:

> **Title 18 U.S.C. § 934. Forfeiture and Fines.**
> **(a) Forfeiture. --**
> **(1) In general**. -- Any person convicted of a violation of section 932 or 933 shall forfeit to the United States, irrespective of any provision of State law--
> (A) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and
> (B) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation . . .

### II.

**Firearm Violations and Forfeiture Statutes**
**[Title 18 U.S.C. §§ 922(o), and 933(a)(2), and (3) subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the criminal violations set forth in Counts One through Three, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of certain property upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states:

**Title 18 U.S.C. § 924. Penalties**
**(d)(l)** Any firearm or ammunition involved in or used in any knowing violation of subsection . . . (o)…of section 922 . . . or 933 . . . shall be subject to seizure and forfeiture . . . under the provisions of this chapter. . . .

A TRUE BILL

FOREPERSON OF THE GRAND JURY

MARGARET F. LEACHMAN
ACTING UNITED STATES ATTORNEY

BY: _____
FOR ZACHARY W. PARSONS
Assistant United States Attorney